ANNA L. DROEGE, Plaintiff, Appellant, *v.* KEVA C. ARLUCK, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, March, 1924.

**Vendor and purchaser — action on contract for sale of land — reversible error to admit oral evidence varying supplemental agreement.**

In an action by the purchaser upon a contract for the sale of land subject to a lease, it was reversible error to admit evidence by the vendor as to an oral agreement that in consideration of $175 the purchaser had waived the clause of the contract relating to the lease, since said evidence varied a supplemental agreement which contained no waiver and recited the $175 as wholly apart from any waiver or release.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, sixth district, after trial by the court with a jury.

*O. H. Droege,* for appellant.

*Weismann & Hertz (Milton Hertz,* of counsel), for respondent.

PROSKAUER, J. This is the third appeal in this case. To prevent misconception on a new trial, we restate the law of the case declared by Mr. Justice McAvoy (197 N. Y. Supp. 618) and apply it to a new claim made by the defendant.

The parties entered into a contract, by which plaintiff was to buy from defendant certain real estate subject to a lease. It recited that the lease could be canceled before August 1, 1921, by giving three months' notice and paying to the tenant $500, and that the purchaser received from the seller $250, to be retained if he canceled the lease on or about August first and returned if he did not. In fact the lease contained no such clause, but provided only for cancellation after August 1, 1921, on the conditions named and then only in the additional event that the property was resold thereafter. Mr. Justice McAvoy for this court has held that by reason of this discrepancy the plaintiff could recover the difference between the rental value of the premises for the period of the lease and the rental actually reserved.

On the trial now under review the defendant amended his answer by setting up a waiver and testified to an oral agreement at the closing of the title that in consideration of $175 the purchaser waived the clause relating to the lease. There was a written agreement concerning this $175. It did not waive or mention any claim based on the condition of the lease that the property must be resold before cancellation could be had. It stated the

time of cancellation as on or about August first, instead of prior to August first. This change offers possible explanation for the addition of $175 to the deposit. Whether this be the true explanation or not, it was improper to admit oral evidence varying the supplemental agreement which contained no waiver and recited the addition of the $175 as wholly apart from any waiver or release. There could be no proper finding of waiver.

On the new trial a correct result should be reached by following the law of this case stated in the opinions of this court.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY and BURR, JJ., concur.

Judgment reversed.